1  BREMER WHYTE BROWN & O'MEARA LLP
   Keith G. Bremer, State Bar No. 155920
2  Ajay Ahluwalia, State Bar No. 319070
   Jillian O'Meara, State Bar No. 360316
3  20320 S.W. Birch Street
   Newport Beach, California 92660
4  Telephone: (949) 221-1000
   Facsimile: (949) 221-1001
5
   Attorneys for Defendant,
6  CURTIS JACKSON III

7

8                 IN THE UNITED STATES DISTRICT COURT

9        FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10

11 | GUADALUPE DE LOS SANTOS, an | ) | Case No. 2:25-MC-00090 |
   | individual, | ) | |
12 | | ) | **DEFENDANT'S NOTICE OF** |
   | Plaintiff, | ) | **REMOVAL OF CIVIL ACTION** |
13 | | ) | **UNDER 28 U.S.C. §§ 1332(a), 1441(b),** |
   | vs. | ) | **AND 1446** |
14 | | ) | |
   | CURTIS JACKSON III, an individual; and | ) | |
15 | DOES 1-10, Inclusive, | ) | |
   | | ) | |
16 | Defendants. | ) | |

17

18      To:    Clerk, Superior Court of California
            County of Los Angeles
19          111 North Hill Street, Dept. 36
            Los Angeles, CA 90012
20

21          Gloria Allred
            Michael Maroko
22          Byron R. Lau
            Allred, Maroko & Goldberg
23          6300 Wilshire Boulevard, Suite 1500
            Los Angeles, CA 90048
24

25  **TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO**

26  **PLAINTIFF GUADALUPE DE LOS SANTOS AND HIS ATTORNEYS OF**

27  **RECORD:**

28  ///

1317.189  4915-3020-5541.1

**PLEASE TAKE NOTICE** that Defendant Curtis Jackson III files this Notice of Removal. The above-entitled case is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) and is one that may be properly removed to this Court pursuant to 28 U.S.C. § 1441(b). In compliance with 28 U.S.C. § 1446(a), Defendant asserts the following grounds for removal:

1. On January 27, 2025, Plaintiff, Guadalupe de los Santos ("Plaintiff") filed an action, case number 25STCV02186 against Curtis Jackson III and Does 1-10 in the Los Angeles County Superior Court for causes of action of (1) Assault, (2) Battery, (3) Intentional Infliction of Emotional Distress, (4) Negligence, and (5) Interference with Exercise of Civil Rights. (*See* Exhibit A.)

2. Defendant, Curtis Jackson III was purportedly served by substituted service on July 25, 2025. Pursuant to California Code of Civil Procedure § 415.20, service was thus deemed effective on August 4, 2025. (*See* Exhibit N.) (Defendant does not hereby waive any defense or objection, including with respect to improper service.)

3. The following are all the filings made in the State Court:
   a. **Exhibit A**: Complaint
   b. **Exhibit B**: Alternative Dispute Resolution Packet
   c. **Exhibit C**: Notice of Case Assignment
   d. **Exhibit D**: Civil Case Cover Sheet
   e. **Exhibit E**: Notice of Case Management Conference
   f. **Exhibit F**: Summons on Complaint
   g. **Exhibit G**: Certificate of Mailing for Hearing on Ex Parte Application for Extension of Time to Serve Pleading and Order Continuing Case Management Conference of 03/28/2025
   h. **Exhibit H**: Certificate of Mailing for Nunc Pro Tunc Order of 03/28/2025
   i. **Exhibit I**: Ex Parte Application for Extension of Time to Serve Pleading and Order Continuing Case Management Conference

1317.189 4915-3020-5541.1

j. **Exhibit J**: Minute Order (Nunc Pro Tunc Order)

k. **Exhibit K**: Minute Order (Hearing on Ex Parte Application for Extension of Time to Serve Pleading and Order Continuing Case Management Conference of 03/28/2025)

l. **Exhibit L**: Application for Nunc Pro Tunc Order

m. **Exhibit M**: Minute Order (Hearing on Ex Parte Application for Extension of Time to Serve Pleading and Order Continuing Case Management Conference)

n. **Exhibit N**: Proof of Service by Substituted Service

o. **Exhibit O**: Notice of Posting of Jury Fees

p. **Exhibit P**: Case Management Statement

q. **Exhibit Q**: Minute Order (Hearing on Ex Parte Application for Extension of Time to Serve Pleading and Order Continuing Case Management Conference)

r. **Exhibit R**: Notice of Continuance

4. Removal under 28 U.S.C. § 1332(a) is proper for this action against Curtis Jackson III, who is the only named Defendant and is currently domiciled in the city of Houston, State of Texas. Pursuant to Plaintiff's Complaint, Plaintiff is domiciled in the County of Los Angeles, State of California.

5. The filing of this Notice of Removal is timely as it has been filed within thirty (30) days after service of the Summons and Complaint as required by 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6.

6. Defendant will serve written notice of the filing of this Notice of Removal to Plaintiff as required by 28 U.S.C. § 1446(d) and will file a Notice of Removal with the clerk of the Superior Court of the State of California in and for the County of Los Angeles, as further required by that statute.

### Removal Based on Diversity of Citizenship

7. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a)(1), and it may be removed to this Court pursuant to 28 U.S.C. § 1441(b). Specifically, and as explained more fully below, this action involves citizens of different states

1317.189 4915-3020-5541.1

and complete diversity. As also explained more fully below, the amount in controversy more likely than not exceeds the sum of $75,000, exclusive of interest and costs.

8. Defendant is informed and believes, based upon the allegations in Plaintiff's Complaint and its records and knowledge, and alleges that Plaintiff was, and still is, a citizen of the State of California.

9. Defendant, Curtis Jackson III, the only named Defendant, is and was domiciled in the City of Houston, State of Texas.

10. The defendants designated as Does 1 through 100 are fictitious defendants. Thus, they are not parties to this action. Unnamed defendants, such as Doe defendants, are not required to join in a removal petition. The Court disregards their citizenship for purposes of determining diversity. 28 U.S.C. § 1441(a); *Fristoe v. Reynolds Metal Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690–91 (9th Cir. 1998).

**Amount in Controversy**

11. Removal jurisdiction exists where original jurisdiction would also have existed, and the removing defendant bears the burden of establishing jurisdiction. 28 U.S.C. § 1441(a); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). If a complaint on its face alleges that the amount in controversy exceeds the minimum required to invoke diversity jurisdiction ($75,000), and all of the other requirements for diversity jurisdiction are met, the action is removable. 28 U.S.C. § 1332; *Adkins v. J.B. Hunt Transp., Inc.*, No. CV 2:18-28, 2018 WL 1392893, at *2 (E.D. Cal. Mar. 20, 2018); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).

12. Plaintiff's Complaint on its face did not state an exact monetary amount demanded in compliance with California Code of Civil Procedure section 425.10(b), however it seeks to recover, at a minimum, past medical bills, future medical bills, property damage, past lost income, future lost income, attorney's fees, and punitive and exemplary damages to be proven at trial. (*See* Exhibit A.)

13. Defendant denies that Plaintiff is entitled to any recovery in this action, and by filing this Notice of Removal, Defendant does not waive any defenses or claims that may otherwise be available to them or admit any of Plaintiff's allegations. Without waiving this position, and in light of the allegations of Plaintiff's Complaint, the amount in dispute in this matter more likely than not exceeds $75,000, exclusive of interest and costs.

14. Defendant has therefore demonstrated that this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), and which may be removed by Defendant to this Court pursuant to 28 U.S.C. § 1441(a). It is a civil action in which the amount in controversy more likely than not exceeds the sum of $75,000, exclusive of interest and costs. It also is between citizens of different states.

**Venue**

15. Venue lies in the United States District Court for the Central District of California, Western Division, pursuant to 28 U.S.C. §§ 84(c)(2) and 1441(a) because this Court's territorial jurisdiction includes Los Angeles County, California, where the State Court Action was filed and is pending.

16. Defendant will give prompt notice of the filing of this Notice of Removal to Plaintiff and to the Clerk of the Superior Court of the State of California in the County of Los Angeles. The Notice of Removal is concurrently being served on all parties.

For all of the foregoing reasons, Defendant Curtis Jackson III respectfully submits that the State Court Action is removable to this Court under 28 U.S.C. §§ 1332(a) and 1441(b).

Dated: September 3, 2025

BREMER WHYTE BROWN & O'MEARA LLP

By: _____
Keith G. Bremer
Ajay Ahluwalia
Jillian O'Meara
Attorneys for Defendant
CURTIS JACKSON III

5

1317.189  4915-3020-5541.1